UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
STEPHEN R. MATTATALL,              )
                                   )
             Petitioner,           )   C.A. No. 17-468-WES
                                   )
    v.                             )
                                   )
ASHBEL T. WALL,                    )
                                   )
             Respondent.           )
_____)

**MEMORANDUM AND ORDER**

William E. Smith, Chief Judge.

Before the Court is the State of Rhode Island's Motion to Dismiss ("Mot. to Dismiss," ECF No. 3) Stephen R. Mattatall's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," ECF No. 1). For the reasons stated herein, the Motion to Dismiss is GRANTED and the Petition is DISMISSED without prejudice to being refiled if and when Mattatall receives permission from the Court of Appeals for the First Circuit, pursuant to 28 U.S.C. § 2244(b)(3), to do so.

I.  Background[1]

In late 1984, a jury found Mattatall guilty of second-degree murder in Rhode Island Superior Court. He was sentenced to a term

---

[1] For a detailed account of the facts and travel of Mattatall's underlying conviction, see State v. Mattatall, 603 A.2d 1098 (R.I. 1992), the Rhode Island Supreme Court's decision affirming Mattatall's conviction after his third trial; the Petition; and

of forty years' imprisonment, with thirty to serve and ten suspended. An additional ten years was imposed under the applicable habitual offender statute. Mattatall successfully appealed the judgment to the Rhode Island Supreme Court and, after granting the State's certiorari petition, the United States Supreme Court vacated Mattatall's 1984 conviction and remanded the case to the Rhode Island Supreme Court. On reconsideration, the court affirmed its prior ruling and remanded the case for a new trial. A second trial held in Superior Court in 1987 ended in a mistrial. In 1988, a third jury trial resulted in a guilty verdict against Mattatall for murder in the second degree. He was sentenced to sixty years' imprisonment, with fifty to serve and ten suspended, plus an additional twenty years under the habitual offender statute.

Mattatall appealed his 1988 judgment of conviction to the Rhode Island Supreme Court in 1989. The appeal was denied in 1991, after which Mattatall filed a petition for reargument. The Rhode Island Supreme Court granted the petition for reargument. At that time, Mattatall argued that the evidence presented at trial was insufficient to warrant a conviction of second-degree murder, among other issues. In a lengthy order, the court denied

---

the Court's dockets in Mattatall v. Vose, C.A, No. 97-515-ML (D.R.I. 1997), and Mattatall v. Wall, C.A. No. 16-012-WES (D.R.I. 2016).

Mattatall's appeal and affirmed his judgment of conviction. The United States Supreme Court denied certiorari.

Mattatall states that he has filed a total of five post-conviction applications in the Rhode Island state courts. Three of these attacked his criminal convictions, and the other two apparently challenged decisions of the Rhode Island Parole Board.

In 1997, Mattatall filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. The petition was denied because it was untimely filed, and, in 1999, the First Circuit denied Mattatall's motion for a certificate of appealability. The Supreme Court denied further review.

In 2016, Mattatall filed a second § 2254 petition, which was dismissed by the Court as a second or successive petition. The First Circuit subsequently denied permission for Mattatall to file it in this Court.

Mattatall has now filed a third Petition, which he titles "Petition for a Writ of Habeas Corpus under 28 U.S.C. 2241." He alleges that he is "actually innocent" of second-degree murder and being deemed a habitual offender.[2] The State has moved to dismiss

---

[2] It is not clear from the Petition whether Mattatall is seeking to use "actual innocence" as a "gateway" to having an otherwise barred constitutional claim heard, see Schlup v. Delo, 513 U.S. 298, 315 (1995), as opposed to raising a freestanding "actual innocence" claim, see id. at 314-15; see also Pet. at 17. Mattatall's Objection to the State's Motion to Dismiss ("Objection," ECF No. 13) suggests that he is seeking to use "actual innocence" as a "gateway." (Obj. 2-5.) Mattatall also

the Petition on two grounds: first, that the Petition is an impermissible second or successive petition; and, second, that it is time-barred. (Mot. to Dismiss 4-5.) The Court need not address the State's argument that the Petition is untimely, as the first ground is dispositive of the matter.

II. Discussion

As noted above, this Petition is the third Mattatall has filed seeking relief from his 1988 conviction. See Mattatall v. Vose, C.A. No. 97-515-ML (D.R.I. 1997); Mattatall v. Wall, C.A. No. 16-012-WES (D.R.I. 2016). Although styled as a § 2241 petition, in reality the Petition is properly considered an application for a writ of habeas corpus pursuant to § 2254.

Section 2254(a) provides, in relevant part, that:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Section 2241, on the other hand, is the proper vehicle "when the petition attacks the execution, rather

---

appears to present ineffective assistance of counsel and insufficient evidence, or "actual innocence," claims. (Pet. at 10)(citing trial counsel's failure to object to "confusing" jury instructions); id. at 17 (alleging that "The State failed to prove beyond a reasonable doubt that [Mattatall] shot [the victim] with a specific intent to kill, and with malice aforethough[t] and premeditation."). The Court need not resolve this issue, given its determination that the Petition is a second or successive petition and must be dismissed on that basis.

than the validity of the sentence." Barr v. Sabol, 686 F. Supp. 2d 131, 133 (D. Mass. 2010)(citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1990)); see also Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015)("Section 2241 . . . establishes a mechanism for a federal inmate who is 'in custody' to challenge the execution of (rather than the imposition of) his or her sentence.").

It is abundantly clear from the Petition that Mattatall is challenging the validity of his conviction and sentence and not the execution of that sentence. (Pet. at 1)(alleging that he is "actually innocent" of second-degree murder and being habitual offender); id. at 33 (noting that he "is actually and factually innocent of the charge of second-degree murder of which he stands accused . . .")). "[I]t is the substance of the petition, rather than its form, that governs." Pierce v. Spencer, Civil Action No. 05-10292-RWZ, 2006 WL 2121912, at *1 (D. Mass. July 28, 2006) (quoting Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003)); cf. Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008)(stating, with respect to the federal counterpart of § 2254, that: "'[A]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.'"(quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original))); Wherry v. Grondolsky,

Civil Action No. 10-40159-FDS, 2010 WL 4273807, at *2 (D. Mass. Oct. 28, 2010)(noting, again in § 2255 context, that petitioner's "claims of actual innocence . . . are in substance legal challenges to the rulings and procedures at trial. These are the types of claims properly brought under a § 2255 petition . . .")(footnote omitted). Therefore, the Court construes Mattatall's Petition as a § 2254 petition, and, as such, it is a second or successive petition subject to the restrictions imposed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

"In AEDPA, Congress established a 'gatekeeping' mechanism for the consideration of 'second or successive habeas corpus applications' in the federal courts." Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998)(quoting Felker v. Turpin, 518 U.S. 651, 657 (1996)); see 28 U.S.C. § 2244(b)(3)(A). In pertinent part, § 2244 requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Martinez-Villareal, 523 U.S. at 641. This provision "strip[s] the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); see also Burton v. Stewart, 549 U.S. 147, 149, 153 (2007)(per

curiam)("[P]etitioner—a state prisoner seeking postconviction relief from the federal courts—failed to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b). That failure deprived the District Court of jurisdiction to hear his claims."). Section 2244(b)(3)(A) applies so long as the earlier petition was decided on the merits. See Pratt, 129 F.3d at 60.

Not all numerically "second" petitions are considered "successive." If a petition attacks a different criminal judgment, or if the earlier petition ended without a judgment on the merits, a second petition is not considered "successive." Barrett, 178 F.3d at 43; Pratt, 129 F.3d at 60. The dismissal of a first petition as time-barred, however, qualifies as an adjudication on the merits when considering a second or successive habeas petition. See Cook v. Ryan, Civil Action No. 12-11840-RWZ, 2012 WL 5064492, at *2 (D. Mass. Oct. 15, 2012)(collecting cases); see also Pierce v. Wall, C.A. No. 08-72S, 2008 WL 896148, at *1 (D.R.I. Apr. 2, 2008)(noting that dismissal of earlier petition as time-barred rendered subsequent petition "successive or second"). Since Mattatall's 1997 petition was dismissed as time-barred, the current Petition is subject to the restrictions contained in 28 U.S.C. § 2244 regarding a second or successive petition. See Brennan v. Wall, 100 Fed. Appx. 4, 4 (1st Cir. 2004)("A state habeas petitioner in custody pursuant to the judgment of a state court may not evade the 'second or successive' restrictions of

§ 2244 by bringing his petition under § 2241 rather than § 2254." (citing Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003); Cook v. N.Y. State Div. of Parole, 321 F.3d at 278-79 & n.4)); cf. Trenkler, 536 F.3d at 97 ("[C]ourts regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy that section's gatekeeping provisions.").[3]

The record does not reflect, nor does Mattatall assert, that he has petitioned the Court of Appeals for authorization for the Court to consider the Petition. He alleges instead that "he has satisfied his burden to make a 'prima facie' showing that he is 'actually innocent' of second-degree murder as well as being deemed an habitual offender under 28 U.S.C. § 2241." (Pet. at 1.) Whether Mattatall has made such a showing, however, is a matter for the First Circuit, not this Court, to decide. Therefore, the Petition must be dismissed until such time as Mattatall obtains leave from the Court of Appeals to file it in this Court. See 28 U.S.C. § 2244(b)(3)(A); Burton, 549 U.S. at 152, 157 ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition

---

[3] Section 2255 also requires that a second or successive petition must be certified by the appropriate court of appeals before being filed in the district court. See 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .").

challenging his custody, and so the District Court was without jurisdiction to entertain it.").

III. Conclusion

For the foregoing reasons, the Motion to Dismiss (ECF No. 3) is GRANTED and Mattatall's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (ECF No. 1) is DISMISSED without prejudice to being refiled if Mattatall obtains authorization from the First Circuit to file it in this Court.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
Chief Judge
Date: February 22, 2019